# In the United States Bankruptcy Court
## for the
### Southern District of Georgia
#### Savannah Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By cryan at 12:10 pm, Jul 01, 2011

In the matter of:                )
                                 )    Chapter 7 Case
WARREN RANDALL SUMNER            )
JAMIE USHER SUMNER               )    Number <u>10-41516</u>
                                 )
        *Debtors*                )

## ORDER ON MOTION OF THE
## UNITED STATES TRUSTEE
## TO ALTER OR AMEND JUDGMENT

Debtors' Chapter 7 case was filed on July 21, 2010, and on October 19, 2010, the United States Trustee ("UST") filed a Motion to Dismiss the case under 11 U.S.C. § 707(b). <u>Motion</u>, Dckt. No. 34. Debtors opposed the Motion to Dismiss and the matter was continued to permit discovery. The parties entered into a stipulation of undisputed facts. <u>Original Stipulation</u>, Dckt. No. 53 (Feb. 11, 2011). The parties later entered into an *amended* stipulation of undisputed facts. <u>Amended Stipulation</u>, Dckt. No. 57 (Mar. 2, 2011).

On March 2, 2011, the parties informed the Court that the Amended Stipulation and its related exhibits constituted the entirety of the record for the purpose of resolution of the Motion. <u>Amended Stipulation</u>, Dckt. No. 57. Debtors attached to that Amended Stipulation an Exhibit E—amended Schedules I (Current Income of Debtors) and J (Current Expenditures of Debtors). Exhibit E was the fourth set of Schedules I and J filed by Debtors in this Adversary Proceeding. Those versions of the Schedules were filed on the

AO 72A
(Rev. 8/82)

following dates:

1. <u>Schedules I and J</u>, Dckt. No. 1, pp. 26-27 (July 21, 2010) filed with the petition ("Original Schedules");

2. <u>Amended Schedules I and J</u>, Dckt. No. 15, pp. 4-6 (Sep. 8, 2010) filed as amended schedules ("Amended Schedules");

3. <u>Amended Schedules I and J</u>, Dckt. No. 44, Exh. B thereto (Dec. 13, 2010) filed as an exhibit to Debtors' Response to the Motion to Dismiss ("Re-Amended Schedules"); and

4. <u>Budget of Current Monthly Expenses Going Forward - Schedules I and J for Purposes of the Motion to Dismiss</u>, Exhibit E to the <u>Amended Stipulation</u>, Dckt. No. 57—paper copies only—filed on March 2, 2011 ("Budget Schedules").

This Court issued a Memorandum and Order denying the UST's Motion to Dismiss on June 10, 2011. <u>In re Sumner</u>, Case No. 10-41516 (June 10, 2011) (Davis, J.). For reasons which need not be discussed in any great detail, this Court erroneously relied on the Original Stipulation of Facts (Dckt. No. 53) and on the Re-Amended Schedules I and J (Dckt. No. 44, Exh. B thereto) in reaching its conclusions, and denied the Motion to Dismiss. The UST filed a Motion to Alter or Amend Judgment on June 16, 2011, citing this Court's error. <u>Motion</u>, Dckt. No. 75.

Debtor opposed that Motion, interpreting this Court's June 10, 2011, Order as based not on manifest error, but on the UST's "false interpretation of th[e] facts . . . ."

Response, Dckt. No. 76 (June 24, 2011). Debtor argues that the Budget Schedules I and J (stipulated on March 2, 2011) were "snapshots" as of the time of filing, and that they were not "forward-looking." Response, Dckt. No. 76, p. 3 (June 24, 2011). For this reason, Debtors assert, this Court's reliance on the Original Stipulation of Facts and the Re-Amended Schedules I and J was not in error.

Debtors' argument fails for three reasons:

First, the Budget Schedules I and J were filed "for purposes of this Motion to Dismiss." Amended List of Exhibits, Dckt. No. 58 (Mar. 2, 2011). This negates any argument that Debtors were unaware that those numbers would be used in this Court's analysis.

Second, Schedule I provides the Debtors with an opportunity to "[d]escribe any increase or decrease in income reasonably anticipated to occur within a year of filing this document." Amended Schedule I, Exhibit E, ¶ 17. On Budget Schedule I, Debtors made no mention of a decrease in their future income.

Third, Debtors stipulated that "Exhibit E on the parties' joint list of exhibits [is] a revised Schedule I and J that accurately reflect the debtors' monthly income and expenses *going forward*." Amended Stipulation, Dckt. No. 57, ¶ 8 (emphasis added).

Accordingly, Debtors stipulated to the Budget Schedules as forward-looking projections. This Court notes that Mrs. Sumner's income (the contentious point in this debate) comes from high-end real estate sales. Amended Stipulation, Dckt. No. 57, ¶ 4. By

its very nature, income from that profession does not come in regular periodic installments. Mrs. Sumner is likely only one or two large sales away from matching her 2010 yearly income, and Debtors have stipulated (for purposes of this Motion) that she will earn that amount in 2011.

Federal Rule of Civil Procedure 59 is made applicable to bankruptcy cases by Bankruptcy Rule 9023. Fed. R. Bankr. P. 9023. Federal Rule 59(e) provides that motions to alter or amend must be filed within twenty-eight days after the entry of the judgment. Because this Court issued its Order on June 10, 2011, the UST's June 16, 2011, Motion to Amend or Alter Judgment was timely filed.

Rule 59 motions should only be granted for "newly-discovered evidence or manifest errors of law or fact." In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999). A manifest error is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." BLACK'S LAW DICTIONARY p. 582 (8th ed. 2004). This Court's reliance on the Original Stipulation of Facts and on the Re-Amended Schedules I and J—in light of later-filed versions—was a manifest error.

"A motion for relief under [Rule 59] 'enables a trial court to address oversights, and the court appreciates the opportunity to do so.'" Magnum Opus Techs., Inc. v. United States, 94 Fed. Cl. 553, 554-55 (2010) (quoting Holland v. United States, 75 Fed. Cl. 492, 494 (2007)) (applying Rule 59(e) of the United States Court of Federal Claims,

which is—except for the deadline—identical to Federal Rule of Civil Procedure 59(e)).

This Court, in reaching its conclusion in the June 10, 2011, Order, erroneously relied on an earlier version of the stipulated facts and an earlier version of Schedules I and J. This reliance was a manifest error on the part of this Court. Accordingly, the UST's Motion to Alter or Amend will be granted.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the United States Trustee's Motion to Alter or Amend Judgment is GRANTED. This Court will issue a Memorandum and Order consistent with the stipulations on the record.

Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This __1st__ day of July, 2011.