FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By pbryan at 1:24 pm, Jul 13, 2011

# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 7 Case |
| WARREN RANDALL SUMNER ) | |
| JAMIE USHER SUMNER ) | Number 10-41516 |
| ) | |
| *Debtors* ) | |

## ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

This Court entered an Order on July 1, 2011, granting the United States Trustee's ("UST") Motion to Dismiss pursuant to 11 U.S.C. § 707(b). In re Sumner, Case No. 10-41516 (July 1, 2011). Debtors filed a Motion to Alter or Amend Judgment on July 11, 2011. Motion, Dckt. No. 81. Debtors asserted that the Motion should be granted pursuant to Bankruptcy Rule 9023 and Rule 59(e) of the Federal Rules of Civil Procedure. Id.

Rule 59 motions should only be granted for "newly-discovered evidence or manifest errors of law or fact." In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999). A manifest error is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." BLACK'S LAW DICTIONARY p. 582 (8th ed. 2004).

AO 72A
(Rev. 8/82)

Debtors suggest that this Court committed a manifest error of fact by determining that they could pay their unsecured creditors a substantial dividend. Motion, Dckt. No. 81, pp. 1-2. Debtors base this assertion on the argument that they will only be able to pay a 3% dividend. Id. at 3. Debtors are incorrect for the following reasons:

1) Debtors misconstrue the Trustee's hypothetical—"[e]ven *if* the Court estimates $30,000.00 for administrative costs . . ." (UST's Brief, Dckt. No. 65, p. 8) (emphasis added)—as an affirmative statement that Chapter 11 bankruptcy administrative costs *would* amount to $30,000.00. This Court has made no such estimation.

2) Debtors now allege that they have $650,865.58 in unsecured debt. Motion, Dckt. No. 81, p. 3. This number directly contradicts the parties' stipulation that Debtors have unsecured debt of $96,478.40. Amended Stipulation (Dckt. No. 57, ¶ 7).[1]

3) Debtors now assert that Mrs. Sumner will not earn an average monthly income of $2,066.84 in 2011. Motion, Dckt. No. 81, pp. 3-4. This directly contradicts both the Schedule I they filed with this Court for purposes of the § 707(b) Motion (Amended Schedule I, Exhibit E, ¶¶ 15, 17) and the Amended Stipulation of Facts. Dckt. No. 57, ¶ 8 ("Exhibit E on the parties' joint list of exhibits [is] a revised Schedule I and J that accurately reflect the debtors' monthly income and expenses *going forward*.") (emphasis added).

---

[1] The $650,865.58 number is also not found in Debtors' Schedules. Their Summary of Schedules lists $101,212.58 in total unsecured claims. Dckt. No. 1. That number is a sum of the unsecured priority claims from Schedule E, ($4,734.18) and the unsecured nonpriority claims from Schedule F ($96,478.40). Id.

AO 72A
(Rev. 8/82)

2

Debtors have directed this Court's attention to no manifest error of fact. Rather, they seek to re-litigate their case and to supplant the facts set forth in the Amended Stipulations of Fact. However, this is not an appropriate use of Rule 59(a). "A motion for reconsideration is not intended . . . to give an unhappy litigant an additional chance to sway the court." <u>Matthews v. United States</u>, 73 Fed. Cl. 524, 525 (Fed. Cl. 2006) (applying Rule 59(e) of the United States Court of Federal Claims, which is—except for the deadline—identical to Federal Rule of Civil Procedure 59(e)).

This Court, in reaching its conclusion in the July 1, 2011, Order, made no manifest error of fact. Accordingly, the Debtors' Motion to Alter or Amend will be denied.

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the Debtors' Motion to Alter or Amend Judgment is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 13th day of July, 2011.